UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIMBERLY CHAUPPETTE ET AL.                    CIVIL ACTION

VERSUS                                         NO. 08-4193

NORTHLAND INS. CO. ET AL.                     SECTION "C" (2)

## ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Motion of Dr. James Dyess to Quash and for Protective Order, Record Doc. No. 15

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. This motion addresses a subpoena duces tecum issued to a non-party physician who may testify as a witness at trial of this personal injury case as plaintiff's treating physician. Specifically, Dr. Dyess seeks an order "limiting the subpoena duces tecum to areas involving the plaintiff, her medical bills and her medical treatment by Dr. Dyess and quashing those areas of the . . . subpoena referred to in categories 4, 7, 8, 9, 13 through end." Record Doc. No. 15 at p. 3.

Dr. Dyess's objection to the manner in which he was served with the subpoena is overruled. Service of the subpoena, as reflected in Exhibit C to the opposition memorandum, Record Doc. No. 17-4, was sufficient.

As to the remainder of the motion, the following standards apply.[1] Fed. R. Civ. P. 26(c)(1) provides that "any person from whom discovery is sought may move for a

---

[1] I note that defendant's opposition memorandum cites and relies in significant part on articles of the Louisiana Codes of Civil Procedure and Evidence. The <u>Federal</u> Rules of Civil Procedure and Evidence, not the Louisiana procedural and evidence rules, govern this motion, and the state law procedural and evidence articles cited by defendant have not been applied in this order.

protective order. . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . ." Fed. R. Civ. P. 37(a)(5) applies to requests for awards of expenses, including attorney's fees. Fed. R. Civ. P. 26(c)(3). Like all discovery, third-party subpoenas must fit within both the scope of discovery provided in Fed. R. Civ. P. 26(b)(1) and the limitations on discovery imposed by Fed. R. Civ. P. 26(b)(2)(C). In addition, as to subpoenas issued to non-parties, Fed. R. Civ. P. 45(c) provides: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party who fails to comply." The Rule further provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).

Applying the foregoing standards, I find, on one hand, that some information as to Dr. Dyess's financial interest, if any, arising from his relationships with plaintiff's counsel of record and the surgeon to whom he referred plaintiff, together with some information concerning those relationships, if any, is relevant to his credibility as a witness. See Fed. R. Evid. 607; Collins v. Wayne Corp., 621 F.2d 777, 783 (5th Cir. 1980)(fees earned by expert in previous cases relevant to his credibility and possible bias). On the other hand, the disputed categories of the subpoena are overly broad and unduly burdensome in some respects. I strive in this order to reach some balance that comports with the interests expressed in Rule 26(b)(2)(C). Accordingly,

The motion is denied insofar as it seeks a blanket order limiting the subpoena to areas involving the plaintiff, her medical bills and her medical treatment of Dr. Dyess. Such a prohibition sweeps too broadly and would unduly restrict appropriate discovery relevant to Dr. Dyess's credibility.

The motion is denied to whatever extent, if any, that it seeks relief as to categories Nos. 1, 2 and 3, and all information responsive to these requests must be provided.

The motion is granted in part in that the eight-year time period (2001 through 2009) specified in some of the categories and the totally unlimited time period in some others are overly broad and unduly burdensome. All disputed categories set out in the subpoena are hereby limited (and the subpoena is hereby modified) to the period two (2) years prior to the November 29, 2007 accident that is the subject of the instant lawsuit through the present. Subject to this time limitation, the motion is denied as to categories Nos. 4, 7, 13, 16, 17, 18 and 19 of the subject subpoena, and responsive information must be provided.

The motion is granted in part and denied in part as to categories Nos. 8 and 9 of the subpoena in that (a) the time period is limited (and the subpoena is hereby modified) to the same period provided above; and (b) responsive information must be provided only as to any law firm or lawyer who is counsel of record for plaintiffs in the captioned lawsuit for the limited time period provided herein.

The motion is granted as to categories Nos. 10, 11, 12, 14 and 15, and no information responsive to these categories need be provided.

Because the information addressed in this order and requested in the subject subpoena includes the proprietary business information of Dr. Dyess and/or is related to the accounts of non-party patients, IT IS FURTHER ORDERED that all records produced in response to this order shall be subject to the following protective order: All information produced in accordance with this order must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, the parties' counsel of record and experts retained in connection with this litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. If any party seeks to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed protective order.

IT IS FURTHER ORDERED that all materials to be produced pursuant to this order must be provided no later than November 3, 2009.

Both the motion and the opposition memorandum[2] request awards of fees and costs in connection with this motion. Both requests are denied. The motion has been granted in part and denied in part. Under these circumstances, I find that a just apportionment is that all parties should bear their own fees and expenses in connection with the motion. Fed. R. Civ. P. 37(a)(5)(C).

---

[2] I note that the opposition memorandum also requests that Dr. Dyess should be ordered "to re-appear for his deposition at no further cost to defendants." Record Doc. No. 17 at p. 12. I am unable to address that request, which is subject to Fed. R. Civ. P. 30(a)(2)(A)(ii), on the current record. Any such request must first be the subject of good faith discussions among all counsel, Local Rule 37.1E, including counsel for Dr. Dyess, after review of the materials to be produced pursuant to this order. If any dispute concerning Dr. Dyess's re-deposition cannot amicably be resolved, it may be the subject of an appropriate new motion, and the briefs addressing any such motion must attach the transcript of Dr. Dyess's previous deposition for my review, together with evidence concerning the time spent in responding to the subpoena, Dr. Dyess's hourly rate for such work, and the reasonableness of that time and rate.

New Orleans, Louisiana, this \_\_\_\_21st\_\_\_\_ day of October, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE