UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KIMBERLY CHAUPPETTE ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 08-4193 |
| NORTHLAND INSURANCE COMPANY ET AL. | SECTION "C" (2) |

## ORDER AND REASONS ON MOTIONS

This is a personal injury case arising from a motor vehicle accident. Two motions are pending before me concerning plaintiff's discovery of defendant's expert medical witness, Dr. David Aiken, Jr. Those motions are: (1) Dr. Aiken's Motion to Quash Subpoena and Notice of Deposition and for Protective Order, Record Doc. No. 28; and (2) Plaintiffs' Motion to Compel Enforcement of Subpoena on Non-Party, Record Doc. No. 24.

On November 18, 2009, at the request of counsel for Dr. Aiken, Record Doc. Nos. 29 and 35, I conducted oral argument and received the live testimony of Dr. Aiken in support of his motion for protective order. The testimony was recorded in open court. While I do not accept Dr. Aiken's feelings or opinions as to what should or should not be discoverable or admissible in evidence, I find his testimony concerning the <u>facts</u> relevant to the pending motions entirely credible. Having considered the record, the applicable law, the oral argument of counsel, and the testimony at the hearing, **IT IS**

**ORDERED** that the motions are GRANTED IN PART and DENIED IN PART as provided herein.

(A)    The Legal Standard

Fed. R. Civ. P. 26(c)(1) provides that "any person from whom discovery is sought may move for a protective order . . . . The court may, <u>for good cause</u>, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." (Emphasis added). The requirement "of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant [Dr. Aiken, in this instance] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" <u>In re Terra Int'l, Inc.</u>, 134 F.3d 302, 306 (5th Cir. 1998) (quoting <u>United States v. Garrett</u>, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); <u>see also</u> <u>United States v. Talco Contractors, Inc.</u>, 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged.").

Like all discovery, third-party subpoenas must fit within both the scope of discovery provided in Fed. R. Civ. P. 26(b)(1) and the limitations on discovery imposed by Fed. R. Civ. P. 26(b)(2)(C). Those limitations include that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, <u>or can be obtained from some other source that is more convenient, less burdensome, or less expensive</u>;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) <u>the burden or expense of the proposed discovery outweighs its likely benefit</u>, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C) (emphasis added).

In addition, as to subpoenas issued to non-parties, Fed. R. Civ. P. 45(c) provides: "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party who fails to comply." The Rule further provides that, "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). As to discovery of an expert witness of the sort presented in this motion, "[u]nless manifest injustice would result, the court must require that the party seeking discovery [plaintiffs, in this instance]: (i) pay the expert a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(C)(i).

Applying the foregoing standards, I find, on one hand, that some information as to Dr. Aiken's financial interest, if any, arising from his provision of litigation-related

3

medical examinations on behalf of defendants, especially the defendant and its counsel in this case, together with some information concerning those examinations, is relevant to his credibility as a witness. Fed. R. Evid. 607; see Collins v. Wayne Corp., 621 F.2d 777, 783 (5th Cir. 1980) (fees earned by expert in previous cases are relevant to his credibility and possible bias); accord King v. Verdini, No. 00-12522-RWZ, 2007 WL 3332816, at *5 (D. Mass. Nov. 8, 2007); Hawkins v. South Plains Int'l Trucks, Inc., 139 F.R.D. 679, 682 (D. Colo. 1991); First State Bank v. Deere & Co., No. 86-2308-S, 1991 WL 46375, at *5 (D. Kan. Mar. 15, 1991). On the other hand, much of the disputed subpoena is overly broad and unduly burdensome, and Dr. Aiken has borne his burden of demonstrating good cause for some of what he seeks in the way of a protective order. See Campos v. MTD Prods., Inc., No. 2-07-0029, 2009 WL 920337, at *2-*5 (M.D. Tenn. Apr. 1, 2009) (reviewing cases concerning discovery of expert witness financial information; holding that witness's disclosure of "the percentage of his income derived from providing expert witness services, as well as financial information relating to expert services performed on behalf of the defendant and defendant's counsel in other cases," was sufficient to test witness's bias and that additional broad requests for witness's financial information, including tax returns, were "overkill," which not only could "have a chilling effect on other experts," but were unlikely to "substantially add meaningful information"). As with my prior order concerning plaintiff's expert, Dr. Dyess, I strive

4

in this order to reach some balance that comports with the interests expressed in Rule 26(b)(2)(C).

(B)  Dr. Aiken's Motion to Quash and for Protective Order

The court addresses each separate item of requested relief set out in Dr. Aiken's motion to quash and for a protective order, Record Doc. No. 28 at pp. 2-3, as follows:

The motion is denied insofar as it seeks an order quashing the subpoena in its entirety. Such an order would sweep too broadly and unduly restrict appropriate discovery relevant to Dr. Aiken's credibility.

The motion is denied insofar as it seeks an order formally and inflexibly "limiting the testimony and document protection [sic]" (Dr. Aiken's counsel clearly means "production" here) to the topics described in the three numbered paragraphs specified in the upper paragraph on page 2 of the motion. Clearly, Dr. Aiken must provide both testimony and document production concerning his medical evaluation of plaintiff, Kimberly Chauppette. As to other testimony, the court cannot specify or anticipate in advance what particular questions Dr. Aiken might be asked or must answer. I find, based on Dr. Aiken's testimony at the hearing and the statements in his motion papers describing the kind of testimony which he does not object to giving, that he intends to testify in a way that should be sufficient. This includes his best estimates and knowledge generally responsive to the inquiry items in the subpoena, including the numbers of

independent medical examinations and of independent medical record reviews that he does at the request of litigants and of parties to claims which might potentially involve litigation; the amounts he charges for such work; his recollection of the total amount of annual income he earned in forensic work; the frequency with which he has done forensic work for defense counsel in this case and/or for the defense law firm for the time period two (2) years prior to the November 29, 2007 accident that is the subject of the instant lawsuit through the present; and "the number of examinations, record reviews and medical/legal consultations he has done for the law firm" of defense counsel of record for the same time period. Beyond that, the court can provide only the following parameters.

The motion is granted in that Dr. Aiken need not provide testimony or records specifying his total income from his overall practice of medicine, and need not undertake the extreme burden and expense "(t)o locate, organize, redact or extract information from the records of patients who have been the subject of forensic examinations, record reviews or consultations" or to produce all records of his earnings or billings for performing examinations or consultations. The burden and expense of providing this information is substantial, and its relevance is tangential. I find that the cost reimbursement figures provided in La. Rev. Stat. § 40:1299.96(A)(2)(b), while not binding in this case, provide useful guidelines. Applying those guidelines and accepting

Dr. Aiken's credible testimony, my best estimate of the cost of undertaking the requested document production in the subpoena is about $9,000, calculated using the Louisiana statute's "handling charge" of $15 per medical file, plus whatever additional standard copying charges might be obtainable from a commercial copying service, with a cents per page price for paper copies and $10 per x-ray, microfilm or other electronic imaging media. Plaintiffs' counsel clearly stated that plaintiffs are not willing to pay for this substantial and expensive work, which does not even include whatever fees would be payable to Dr. Aiken "for time spent in responding to discovery," Fed. R. Civ. P. 26(b)(4)(C)(i), if he were required to review these voluminous records and provide specific information from them as part of his testimony. Considering all of the factors in Fed. R. Civ. P. 26(b)(2)(C)(iii), the substantial expense of this document review and production upon the witness, especially when sufficient information in this regard that might be relevant to Dr. Aiken's credibility can be obtained through less expensive means, including the deposition testimony that he appears willing to give, far outweighs its benefit to the case.

However, the motion is denied insofar as it seeks an order prohibiting Dr. Aiken from testifying even generally about his earnings from performing forensic medical examinations, record reviews or medical/legal consultations as a percentage of his total medical practice earnings. In my view, this information is relevant to the credibility of

a testifying expert.  Dr. Aiken should be able to provide a good faith estimate of this percentage for the time period provided above, without any requirement that it be perfectly specific or that Dr. Aiken engage in time-consuming and laborious review of voluminous financial or billing records.

In all other respects as to Dr. Aiken's deposition <u>testimony</u>, questioning and objections should proceed as provided in Fed. R. Civ. P. 30(c)(2).

During the hearing, it appeared that Dr. Aiken's office might be able to use electronically stored information concerning his <u>billings</u>, <u>not</u> medical charts, along with information provided to Dr. Aiken from defense counsel, to generate computer summary reports of amounts that were paid to him by defense counsel's firm for the litigation-related work described in the subpoena.  <u>If</u> Dr. Aiken can generate such reports without undue burden and expense, he must provide them.

Because some of the information addressed in this order and requested in the subject subpoena may include the proprietary business information of Dr. Aiken, **IT IS FURTHER ORDERED** that all records produced in response to this order shall be subject to the following protective order:  All information produced in accordance with this order must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, the parties' counsel of record and experts retained in connection with this litigation.  All persons to

whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. If any party seeks to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed protective order.

(C)  Plaintiffs' Motion to Compel

Plaintiffs' Motion to Compel Enforcement of Subpoena on Non-Party, Record Doc. No. 24, is granted insofar as it seeks testimony and document production as to Item Nos. 4(A)(1, 2 and 3) and 4(B)(1, 2, 3 and 4). These items relate to Dr. Aiken's examination of plaintiff, and he indicated at the hearing that he has no objection to providing this information. All information responsive to these items must be provided.

The motion is granted in part as to Item Nos. 1(B)(1) and 2(B)(1), and that information must be provided, except that both items are limited to "the previous four (4) years," instead of the requested "past five (5) years," so that the subpoena is consistent with Fed. R. Civ. P. 26(a)(2)(B)(v).

The motion is denied in all other respects concerning document production in response to the subpoena. Except as to the limited document production described above, no materials need be produced in response to Item Nos. 1(B)(2), (3) or (4); 2(B)(2), (3) or (4); and 3(B) of the subpoena. To be clear as to the specific relief which

is the principal subject of plaintiff's motion to compel and its supporting memorandum, the motion is denied as to Dr. Aiken's income tax returns and the medical charts of patients other than plaintiffs, which need not be produced.

**IT IS FURTHER ORDERED** that counsel must confer immediately and schedule Dr. Aiken's deposition and document production in a mutually convenient and timely fashion.

New Orleans, Louisiana, this ___19th___ day of November, 2009.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE